NO. 07-05-0109-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 11, 2005


______________________________



DONALD HICKS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-408,202; HON. JIM BOB DARNELL, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Donald Hicks appeals his conviction for burglary of a habitation with intent to commit
theft. The clerk's record was filed on July 8, 2005. On July 13, 2005, the reporter filed her
first extension request to file the record because of medical restrictions, which request was
granted to August 8, 2005. On August 9, 2005, the reporter filed a second extension
request, and the Court granted her an extension to September 8, 2005, to file the record. 
On September 8, 2005, the reporter filed a third extension request, which request was
granted to October 10, 2005, along with the admonition that no further extensions would
be authorized. However, on October 10, 2005, a fourth extension request was filed by the
reporter for an additional 30 days, stating she was getting help with this case and "should"
not need any further extensions.

 Accordingly, we abate this appeal and remand the cause to the 140th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. why the reporter's record has not been filed; 


 when the reporter's record can reasonably be filed in a manner that
does not have the practical effect of depriving the appellant of his right
to appeal or delaying the resolution of this appeal. 


 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
November 10, 2005. Should further time be needed by the trial court to perform these
tasks, then same must be requested before November 10, 2005.

 It is so ordered.

 Per Curiam

Do not publish.



d 807, 813 (Tex.Crim.App. 1978). Counsel's brief
demonstrates a conscientious review of the entire record and analysis of the legal issues
involved in a potential appeal. 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is
frivolous.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed. 


 Mackey K. Hancock

 Justice



Do not publish.